UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD THOMPSON BELLINGRATH,
Plaintiff,

v.

ERIN S. GORE, et al.,
Defendants.

Case No. 26-cv-08061-HSG

**ORDER DENYING PLAINTIFF'S "MOTION FOR REQUEST OF VOLUNTEER COUNSEL UNDER 28 U.S.C. § 1915(E)(1)"**

Re: Dkt. No. 27

Before the Court is Plaintiff's Motion, Dkt. No. 27, which the Court interprets as a request for appointment of counsel under 28 U.S.C. § 1915(e)(1) ("Motion"). For the reasons discussed below, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed his complaint on August 4, 2026, along with a motion for leave to proceed *in forma pauperis*, which was granted by Magistrate Judge Sallie Kim. Dkt. Nos. 1, 2, 6. Plaintiff was represented by counsel in August 2026, but Plaintiff began filing on the docket as a *pro se* litigant in September 2026. Dkt. Nos. 7, 13, 14, 16. The Court ordered Plaintiff's counsel to file a declaration explaining his status as counsel for Plaintiff. Dkt. No. 19. Plaintiff's counsel responded that Plaintiff and Plaintiff's counsel had prepared a Consent Motion for Withdrawal of Counsel and that the intention was for Plaintiff to proceed *pro se*. Dkt. No. 21. The Court set a case management conference on October 20, 2026, to clarify the status of Plaintiff's counsel. At the CMC, the Court granted Plaintiff's counsel's request to withdraw, and instructed Plaintiff regarding his responsibilities in proceeding *pro se*. Dkt. No. 25. Three days after the CMC, Plaintiff filed this motion.

## II. LEGAL STANDARD

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id*. (citing *Agyeman v. Corrs. Corp. of Am*., 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom*. *Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of exceptional circumstances is within the "sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984), *abrogated by Neitzke v. Williams*, 490 U.S. 319 (1989).

A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*.

## III. DISCUSSION

After agreeing on October 20, 2026, to proceed *pro se* and agreeing that his retained counsel could withdraw, Plaintiff now requests "full-scope representation" for limited phases of "pleading, motions, discovery, and trial preparation." Mot. at 1. Plaintiff argues that the Court should appoint counsel because his constitutional claims are complex and because he is proceeding *in forma pauperis*. Mot. at 1-2. Plaintiff also represents that he is "simultaneously handling six related California state-court proceedings, with a seventh civil action in preparation." *Id*. at 1. Lastly, Plaintiff adds that he seeks appointment of counsel based on the "specialized legal issues" presented in his case and contends that counsel should be "prepared to continue performing substantial supporting work." *Id*.

At this early stage in the litigation and in light of Defendants' pending motion to dismiss, the likelihood of Plaintiff's success on the merits is unclear. *See* Dkt. No. 32.

The Court further finds that even assuming (without deciding) that this case may involve some constitutional issues that could be considered complex, Plaintiff has proven amply capable of articulating his claims and managing this case without counsel. *See* Dkt. Nos. 16, 26, 27. Plaintiff has so far navigated filings on his own, and he recognizes that he has the "ability to manage filings, discovery, evidence, and deadlines, and does not seek relief from those

responsibilities." Dkt. Nos. 13, 14, 16, 27 at 1. By Plaintiff's own admission, he is currently handling six other cases in state court, and potentially planning to file another one, all on a *pro se* basis. Mot. at 1.

Plaintiff was previously represented by retained counsel, did not oppose counsel's withdrawal, agreed to proceed *pro se*, and now asks for appointment of new counsel. Given this sequence of events and the analysis above, the Court finds that no "exceptional circumstances" warranting appointment of counsel are present here.

## IV. CONCLUSION

Plaintiff's request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge